UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                             :

J. MEJIA,                            :

                             :

                Plaintiff,     :

                             :         20 Civ. 9057 (JPC)

        -v-                 :

                             :          <u>ORDER</u>

COMME DES GARCONS, LTD.,     :

                             :

               Defendant.   :

                             :

-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiff J. Mejia filed this action against her former employer, Defendant Comme Des

Garcons, Ltd., alleging that she was terminated as retaliation for her attempts to bring the company

into compliance with various federal, state, and local labor laws.  A certificate of default was entered

as to Defendant on December 17, 2020 after it failed to timely answer or otherwise respond to the

Complaint.  Before Plaintiff filed her motion for default judgment, Defendant appeared in this

action and moved pursuant to Federal Rule of Civil Procedure 55(c) to vacate the default.  For

reasons that follow, the Court grants Defendant's motion.

## I.    Background

      Plaintiff filed this action against Defendant on October 28, 2020, bringing federal claims

under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Family and Medical Leave Act, 29

U.S.C. § 2601 *et seq.*, and the False Claims Act, 31 U.S.C. § 3730.  The Complaint also alleges

violations of New York Labor Law ("NYLL") § 215; NYLL §§ 190 *et seq.*, 650, *et seq.*; California

Labor Code § 98.6, California Labor Code § 1102.5; the California Family Rights Act, Cal. Gov.

Code §§ 12945.2 *et seq.*, 11094; and Los Angeles Municipal Code Chapter 18 §§ 187.06, 188.04.

Complaint, Dkt. 1, ¶¶ 58-84.

Plaintiff filed an Affidavit of Service on November 30, 2020, which reflected that Defendant was served with the Summons and Complaint through the New York Secretary of State on November 13, 2020, making Defendant's answer due December 4, 2020.  Dkt. 7.  Plaintiff filed an Affirmation in Support of Plaintiff's Request for a Certificate Default, along with a Proposed Certificate of Default, on December 16, 2020.  Dkt. 9.  The next day, the Clerk of the Court entered a Certificate of Default as to Defendant.  Dkt. 10.

On December 22, 2020, the Court set a briefing schedule for Plaintiff's forthcoming motion for default judgment.  Dkt. 11.  This Order included a deadline of February 18, 2021 for Defendant's opposition to Plaintiff's motion and directed Defendant to appear for a hearing on March 3, 2021 to show cause why default judgment should not be entered against it.  *Id.* at 1.  Pursuant to the Court's instruction, Plaintiff also served Defendant with this Order on December 29, 2020.  Dkt. 12.

On January 12, 2021, Defendant's counsel filed a letter with the Court, advising that it intends to file a motion to vacate the entry of default under Federal Rule of Civil Procedure 55(c).  Dkt. 13.  The next day, the Court adjourned both the March 3, 2021 order to show cause hearing and the default judgment briefing deadlines.  Dkt. 15.  The Court ordered Defendant to file its Rule 55(c) motion by January 20, 2021 and directed that any opposition to Defendant's motion be filed by February 3, 2021.  *Id.*  Defendant filed its Motion to Vacate Default Judgment on January 15, 2021.  Dkt. 17.  Because Plaintiff has not filed an opposition, the Court treats Defendant's motion as unopposed.

## II.      Defendant's Motion to Vacate Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause."  The Second Circuit has established a three-part test for determining whether there is good cause under this rule: "(1) whether the default was willful; (2) whether setting aside the

2

default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "The recognition that 'default judgment is the most severe sanction which the court may apply' frames the good cause analysis, resulting in a 'strong preference for resolving disputes on the merits.'" *Law Offices of Sanford F. Young P.C. v. Landow*, No. 19 Civ. 11048 (MKV), 2020 WL 2555253, at *2 (S.D.N.Y. May 20, 2020) (citing *New York v. Green*, 420 F. 3d 99, 104 (2d Cir. 2005)). The Court finds that there is good cause to vacate Defendant's default.

First, the Court has not been presented with evidence or other information to support a finding that Defendant's failure to timely respond to the Complaint was willful. "[M]ore than mere negligence" or "administrative or clerical error" is required for a finding of willfulness. *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). Defendant asserts that it did not have notice of this action because service on Defendant was effected through the Secretary of State, and Defendant had failed to update its address with the state once its corporate address changed. Defendant's Memorandum of Law in Support of Motion to Vacate Default Judgment ("Motion to Vacate"), Dkt. 17-1, at 1-2; Declaration of Elaine Beuther ("Beuther Declaration"), Dkt. 17-2, ¶ 3. Defendant represents that it learned of this action on December 30, 2020, after Plaintiff served Defendant with a copy of the Court's December 22, 2020 Order. Motion to Vacate at 4; Beuther Declaration ¶ 3. Plaintiff's counsel filed a letter with the Court on January 12, 2021, less than two weeks after Defendant first became aware of the action. The record thus suggests that Defendant appeared in this case somewhat promptly after learning of the action. The Court therefore does not find Defendant's actions to be "egregious or deliberate" to support a showing of willfulness. *Am. All. Ins. Co., Ltd.*, 92 F.3d at 61.[1]

---

[1] Plaintiff filed a letter on December 12, 2020, a day after Defendant first notified the Court of their intent to file a Rule 55(c) motion. Dkt. 14. In that letter, Plaintiff asserted that

The Court also holds that the "prejudice to plaintiff" prong of the Rule 55(c) analysis militates in favor of granting Defendant's motion.  Prejudice results when delay causes "the loss of evidence, create[s] increased difficulties of discovery or provide[s] greater opportunity for fraud and collusion."  *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983).  Plaintiff bears the burden of demonstrating that "any prejudice resulting from defendant's default cannot be rectified in the Court in another manner were the default to be vacated."  *Patrick v. Local 51, Am. Postal Workers Union, AFL-CIO*, No. 19 Civ. 10715 (NSR), 2020 WL 2192682, at *4 (S.D.N.Y. May 6, 2020) (quoting *Murray Eng'g, P.C. v. Windermere Props. LLC*, No. 12 Civ. 52 (JPO), 2013 WL 1809637, at *6 (S.D.N.Y. Aug. 30, 2013)).  There is no information, presented by Plaintiff or otherwise, to indicate that Defendant's delay caused Plaintiff prejudice, such as any "loss of evidence," "increased difficulties of discovery," or "opportunity for fraud and collusion" resulting from Defendant's delay.

Finally, Defendant has demonstrated that it has a meritorious defense.  "In order to make a sufficient showing of a meritorious defense . . . the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense."  *Green*, 420 F.3d at 109 (quoting *SEC v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998)).  "To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage."  *Am. All. Ins. Co., Ltd.*, 92 F.3d at 61.  Rather, Defendant must show that "the evidence submitted, if proven at trial, would constitute a complete defense."  *Enron Oil Corp*. 10 F.3d at 98.  This is a "very low" threshold.  *See e.g.*, *Vedder Price P.C. v. US Capital Partners*,

---

"Defendant was aware of this lawsuit because Bloomberg Law ran an article about the filing and Defendant has been addressing the public relations fallout."  *Id.* at 1.  That letter included no affidavits or extrinsic evidence to support this assumption.  Additionally, as noted, Plaintiff has not opposed Defendant's motion to vacate, despite the Court setting a February 3, 2021 deadline for her opposition.  Dkt. 15.

*LLC*, No. 16 Civ. 6787 (JPO), 2017 WL 4180021, at *3 (S.D.N.Y. Sept. 20, 2017).  Plaintiff's claims arise from her allegedly wrongful termination.  In its motion to vacate the default, Defendant argues that Plaintiff was fired as a result of inappropriate communications and failing to meet the company's expectations.  Motion for Default at 5; Beuther Declaration ¶ 6.  Defendant additionally provides the Court with a factual bases for these contentions: various emails and an affidavit which, if proven to be credible at trial, would constitute a meritorious defense.  *See* Beuther Declaration, Exhs. 1-8.  For purposes of the instant motion, where "the defense need not be ultimately persuasive," *Am. All. Ins. Co., Ltd.*, 92 F.3d at 61, the Court finds that Defendant met its burden in demonstrating this prong of the Rule 55(c) analysis.

## III.    Conclusion

For the foregoing reasons, the Court grants Defendant's motion to vacate the certificate of default issued on December 17, 2020, Dkt. 10.   Defendant shall file its Answer to the Complaint by no later than February 19, 2021.

The Clerk of Court is respectfully directed to vacate the entry of default at Docket Number 10 and to terminate the motion pending at Docket Number 17.

SO ORDERED.

Dated: February 10, 2021
      New York, New York                      _____
                                                    JOHN P. CRONAN
                                              United States District Judge