

Attorneys at Law

John M. O'Connor
t 973.639.8547
f 973.639.8558
JOConnor@ebglaw.com

*In light of Plaintiff's Amended Complaint, Dkt. 31, Defendants' motion to dismiss filed on February 19, 2021, Dkt. 20, is denied as moot without prejudice to refile.*

*Defendants' renewed motion to dismiss is due by April 12, 2021. Plaintiff's opposition is due by April 26, 2021. Defendants' reply is due by May 3, 2021.*

*The Clerk of Court is respectfully directed to close the motion pending on Docket Number 20.*

SO ORDERED.
Date: March 29, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge

**VIA ECF and ELECTRONIC MAIL**
The Honorable John P. Cronan
United State District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re: *Mejia v. Comme des Garcons, Ltd. et al.*
Civil Action No. 20-cv-9057

Dear Judge Cronan:

We represent Defendants Comme des Garcons. Ltd., Elaine Beuther, and James Gilchrist (collectively "CDG"), in the above-referenced matter. Pursuant to Rule 6(A) of Your Honor's Individual Practice Rules, we submit this letter to advise of CDG's intent to file a Motion to Dismiss the Amended Complaint filed by Plaintiff J. Mejia ("Plaintiff"). CDG previously filed a Motion to Dismiss Plaintiff's original Complaint on February 19, 2021 (the "Motion to Dismiss") (ECF No. 20). Rather than respond to the Motion to Dismiss, on March 10, 2021, Plaintiff filed an Amended Complaint, adding Mr. Gilchrist and Ms. Beuther as individual defendants and making certain edits to the allegations in her original Complaint (the "Amended Complaint") (ECF No. 31). The Amended Complaint, however, remains deficient for the same reasons indicated in the Motion to Dismiss. Specifically, Plaintiff again has failed to state a claim upon which relief can be granted, attempts to assert inapplicable California claims notwithstanding her working and residing in New York, and now improperly asserts claims against individual defendants under laws that do not permit individual liability.

More specifically, Plaintiff's Amended Complaint is still devoid of any allegations sufficient to support her claims of retaliatory discharge under the Fair Labor Standards Act ("FLSA") and Family Medical Leave Act ("FMLA"). Plaintiff's allegations relating to her efforts as CDG's Human Resources Generalist to ensure that CDG complied with the FLSA and FMLA remain insufficient to demonstrate that she engaged in requisite protected activity to validate her retaliation claims. *Brown v. Xerox Corp.*, 170 F. Supp. 3d 518 (W.D.N.Y. 2016) (citations omitted). It is well-settled that a plaintiff in a human resources role must demonstrate that she stepped outside her human resources role and either asserted claims, or actively assisted an employee with asserting claims, under the FLSA/FMLA, in order to establish that she engaged in "protected activity" for the purposes of establishing a *prima facie* case of retaliation. *Aflalo v. Cantor Fitzgerald, L.P.*, 298 F. Supp. 3d 688, 697-98 (S.D.N.Y. 2018). Allegations, like those in the Amended Complaint, that a plaintiff in a human resources role performed her job duties by

The Honorable John P. Cronan
March 23, 2021
Page 2

alerting management of potential violations of employment laws have repeatedly been held insufficient to state a claim. *See, e.g. Claudio–Gotay v. Becton Dickinson Caribe, Ltd.,* 375 F.3d 99, 102 (1st Cir.2004); *See Lasater v. Texas A&M University-Commerce*, 95 F. App'x 458, 462 (5th Cir. 2012);  *McKenzie v. Renberg's Inc.,*94 F.3d 1478 (10th Cir.1996); *Rodriguez v. Ready Pac Produce*, Civil No. 13-4634, 2014 WL 1875261(D.N.J. May 9, 2014); *Samons v. Cardington Yutaka Technologies, Inc.*, No. 2:09-cv-988, 2009 WL 961168, at *7 (S.D. Ohio Apr. 7, 2009); *Robinson v. Wal–Mart Stores, Inc*., 341 F.Supp.2d 759, 763 (W.D. Mich. 2004).

In addition, Plaintiff continues to assert California claims in her Amended Complaint intended to protect the rights of California employees; not an individual, such as Plaintiff, who lives and works in New York. *See* Amended Complaint ¶¶4 and 9.  Plaintiff's attempt to broadly allege claims in order to take advantage of California laws, while living and working in New York, is entirely misplaced.  Pursuant to Fed.R.Civ.P. 12(b)(1), Plaintiff must allege facts that affirmatively and plausibly suggest that she has standing to sue. She has not done, and cannot do, that. Her bare bones assertion that she interacted with California employees, while working and living in New York, remain insufficient to invoke this Court's jurisdiction.  Further, given Plaintiff's failure to adequately allege a federal claim, the Court should abstain from exercising supplemental jurisdiction over the California claims, under 28 U.S.C. § 1367(a).

Finally, the Amended Complaint contains claims against individual defendants, under statutes in which there exists no individual liability.  There is no individual liability for retaliation under either the False Claims Act or California's Family Rights Act, Cal. Gov. Code 12945.2.  *See Parris v. New York Housing Authority*, 364 F.Supp.3d 284 (S.D.N.Y. 2019) ("However, courts in this Circuit have repeatedly held that there is no individual liability for retaliation under [the federal and state False Claims Acts]) citing to *McKoy v. Uliss*, No. 17 Civ. 3398, 2017 WL 2963456, at *2 (E.D.N.Y. July 11, 2017) (collecting cases from courts in this Circuit)); *Nazir v. United Airlines, Inc.* (2009) 178 Cal. App. 4th 234, 287 (granting summary judgment in favor of an individual defendant on CFRA retaliation claim on the basis that "there is .... no individual liability for retaliation."); *Cisneros v. Centene Corp.*, 2019 WL 5800384 (S.D. Cal. Nov. 2019) (In light of settled California law on this issue, Plaintiff cannot establish a CFRA retaliation claim against Flower, in Flower's individual supervisor capacity).  Thus, these claims against individual defendants must be dismissed.

With respect to a proposed briefing schedule, CDG respectfully proposes the following:

- CDG's Motion to dismiss filed by April 2, 2021;
- Plaintiff's Opposition filed by April 16, 2021; and
- CDG's Reply filed by April 23, 2021.

The Honorable John P. Cronan
March 23, 2021
Page 3

       Your Honor's consideration of this request is appreciated.

                                          Respectfully submitted,

                                          *s/John M. O'Connor*

                                          John M. O'Connor

cc:    Joshua Alexander Bernstein, Esq. (via ECF and Email)